**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CRACKER BARREL OLD COUNTRY STORE, INC., et al. )<br>)<br>Defendants. )<br>_____) | No. 04 C 5273<br><br>Hon. Judge Norgle<br>Magistrate Judge Denlow |

**PLAINTIFF EEOC'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
CLASS MEMBERS' DEPOSITIONS**

Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), by and through its attorneys, opposes Defendants' motion to continue the deposition of two class members beyond the agreement made by the parties and approved by this Court. Due to the extreme time pressures to prepare this case for a final pretrial order and to complete the depositions of individuals who have not yet been deposed, extending these depositions would create an undue burden on the EEOC that would outweigh any benefit obtained by Defendants. Under Rule 26(b)(2), the Court has authority to limit discovery, including the length and number of depositions. Fed. R. Civ. P. 26(b)(2). The magnitude of discovery needed to be completed in a very short period of time in this case warrants this Court to stand by the limitation to which the parties and the Court originally agreed. EEOC therefore respectfully requests that Defendants' motion be denied.

## **BACKGROUND**

The parties engaged in serious good faith settlement negotiations, including the identification of all 51 class members, from November 2004 until September 2005. Despite these extensive efforts, settlement negotiations were unsuccessful.

On September 28, 2005, Judge Norgle scheduled submission of the final pretrial order for February 7, 2006, which was just recently, on February 3, 2006, extended to February 28, 2006, after Judge Norgle granted EEOC's Motion for Extension of Time. In its Motion for Extension of Time, which Defendants refused to join, EEOC outlined the remaining depositions that needed to be taken by both parties, asked for a 30-day extension for filing the pretrial order and requested that the trial date be re-scheduled accordingly. Judge Norgle gave the parties 21 additional days to file the pretrial order and struck the trial date, which is to be re-set after Judge Norgle reviews the pretrial order.

Defendants had an opportunity to join EEOC in its Motion for Extension of Time and inform the court that they intended to seek more time to continue the depositions of Ms. Zopf and Mr. Carter. Defendants declined to do so, however, and the court presumably gave the parties only the additional amount of time that it deemed was warranted based upon the outstanding depositions EEOC represented in its Motion, which did *not* include the re-opening of any class member depositions by Defendants. Defendants should not now be able to re-open depositions of which they failed to inform the court they intended to do.

Since December 5, 2005, the parties have taken a total of 55 depositions, 42 of which were taken by Defendants and 13 by EEOC. Many of these depositions have been conducted outside the Chicago area.

Due to these extreme time pressures, on January 6, 2006, at a motion hearing, the parties agreed, with this Court's approval, to limit class member depositions to three and half hours, so multiple depositions could be scheduled in the same day. The parties also agreed to allow a full seven hours for the individuals whose charges of discrimination were a basis of the EEOC's present lawsuit.

## ARGUMENT

Defendant has had ample time to depose both individuals they now seek to re-depose. Neither individual filed a charge that was an underlying basis of this case. Furthermore, for both individuals, the EEOC stipulated that it was not seeking backpay damages for either of these claimants and that any emotional distress was limited to garden variety emotional distress.

With respect to Ms. Zopf, the EEOC permitted Defendants the full three and half hours of questioning, stretching the deposition until close to six o'clock in the evening. For Mr. Carter, the EEOC accommodated Defendants' request for more time and provided counsel with *an additional two hours of questioning*, keeping the witness at the deposition until approximately seven o'clock in the evening.[1] The time provided for both deponents was therefore more than ample, and reopening these depositions would only serve to harass the witnesses and waste precious resources when additional class member depositions must still be taken and an extensive pre-trial order drafted within the next two weeks.

Defendants have not provided any evidence of either the deponents or the EEOC impeding their ability to take these depositions. For Ms. Zopf, Defendants cite three occasions where they misleadingly claim that she "resisted providing answers to basic questions."

---

[1] Contrary to Defendants' assertion (Motion, p. 6), EEOC did *not* agree "that more time was necessary in light of Mr. Carter's sweeping (and previously undisclosed) allegations." Rather, EEOC agreed to some additional time because Mr. Carter had filed a charge of discrimination against Cracker Barrel, even though his charge is not a basis for this lawsuit.

3

(Motion, p. 4).    However, a review of the deposition excerpts provided shows that Ms. Zopf indeed answered Defendants' questions.

Similarly, for Mr. Carter, Defendants again try to justify hours of additional inquiry based upon two brief exchanges in which Defendants argue that Mr. Carter "frustrated" Defendants' questions.  (Motion, p. 7).   Yet, as with Ms. Zopf, Defendants have not demonstrated that Mr. Carter ever refused to answer any of Defendants' questions. Moreover, any difficulty that Defendants claim they encountered could certainly have been cleared up by the additional two hours provided for Mr. Carter's deposition.

In sum, Defendants have already taken 42 class member depositions in this case and will be taking a few more in the next couple of weeks.  The parties are entitled to an end to discovery, which has already been extensive, so that they can turn their attention to the final pretrial order, which is due February 28, 2006.   Significantly, Defendants have failed to show any compelling reason to re-open these two depositions.

WHEREFORE, Plaintiff U.S. Equal Employment Opportunity Commission respectfully requests that this Court deny Defendants' Motion to Compel additional deposition testimony from these two witnesses.

Respectfully submitted,

/s Diane I. Smason
Diane Smason
Pamela Moore-Gibbs
June Wallace Calhoun
Trial Attorneys

U.S. Equal Employment
    Opportunity Commission
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7526

## **CERTIFICATE OF SERVICE**

      I, Diane I. Smason, an attorney, do hereby certify that I caused a true and correct copy of **PLAINTIFF EEOC'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL CLASS MEMBERS' DEPOSITIONS and NOTICE OF FILING** to be served by electronic filing on February 10, 2006 to:

| | |
|---|---|
| David E. Gevertz | Norma W. Zeitler |
| Beth A. Moeller | Barnes & Thornburg LLP |
| Ashe, Rafuse & Hill, LLP | One N. Wacker Dr., Suite 4400 |
| 1355 Peachtree Street, N.E., Suite 500 | Chicago, IL 60606-2833 |
| Atlanta, GA 30309-3232 | |

                                                        /s Diane I. Smason
                                                       Diane I. Smason

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) ) **Plaintiff,** ) ) v. ) ) **CRACKER BARREL OLD COUNTRY STORE, INC., et al.** ) ) ) **Defendants.** ) ) | No. 04 C 5273 Hon. Judge Norgle Magistrate Judge Denlow |

**NOTICE OF FILING**

TO:  David E. Gevertz                               Norma W. Zeitler
     Beth A. Moeller                                Barnes & Thornburg LLP
     Ashe, Rafuse & Hill, LLP                       One N. Wacker Dr., Suite 4400
     1355 Peachtree Street, N.E., Suite 500         Chicago, IL 60606-2833
     Atlanta, GA 30309-3232

**Please take notice** that on **February 10, 2006,** EEOC filed **PLAINTIFF EEOC'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL CLASS MEMBERS' DEPOSITIONS** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division at 219 South Dearborn, Chicago, Illinois, 60604.

                                        Respectfully submitted,

                                         /s Diane I.Smason
                                        Diane I. Smason
                                        Pamela Moore-Gibbs
                                        June Wallace Calhoun
                                        Trial Attorneys

                                        U.S. Equal Employment
                                            Opportunity Commission
                                        500 West Madison Street, Suite 2800
                                        Chicago, Illinois 60661
                                        (312) 353-7526